THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINE CONSTRUCTION BENEFIT FUND, a Health and Welfare Fund, NATIONAL ELECTRICAL BENEFIT FUND, a Retirement Fund, and NATIONAL ELECTRICAL ANNUITY PLAN, a Retirement, Savings and Disability Benefits' Plan,<br><br>                     Plaintiffs,<br><br>     v.<br><br>JOSCO CONSTRUCTION SERVICES, INC.,<br><br>                     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs, LINE CONSTRUCTION BENEFIT FUND, a Health and Welfare Fund, NATIONAL ELECTRICAL BENEFIT FUND, a Retirement Fund, and NATIONAL ELECTRICAL ANNUITY PLAN, a Retirement, Savings and Disability Benefits' Plan, by and through their Attorneys, Robert B. Greenberg, Matthew S. Jarka and Sam Hensel, of Asher, Gittler & D'Alba, Ltd., and complaining of Defendant, JOSCO CONSTRUCTION SERVICES, INC., states as follows:

1. This action is brought under the provisions of Sections 502(g)(2) and 502 (a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g)(2), (a)(3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e)(1) and 502(e)(2) of ERISA [29 U.S.C. Sec. 1132(e)(1) and (e)(2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The Plaintiffs ("Funds") receive contributions from numerous employers pursuant to collective bargaining agreement heretofore entered into between the IBEW Local Unions 196 and 197 ("Unions") and Defendant, and the Funds are maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Funds are administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement").

4. The Line Construction Benefit Fund office is located at 821 Parkview Blvd., Lombard, IL 60148-3230 and the Fund is administered in the Northern District of Illinois.

5. That the National Electric Benefit Fund, a retirement fund, is located at 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

6. That National Electric Annuity Plan is located at 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

7. As provided in their Trust Agreements, Plaintiffs are required to receive, hold and manage all monies required to be contributed to the Funds in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Plaintiffs' Trust Agreements.

8. Defendant is an employer engaged in an industry affecting commerce and maintains its principal places of business at 2201 Sienna Drive, Joliet, Illinois 60431.

9. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Plaintiffs' Funds.

10. Plaintiffs are advised and believe that Defendant has repeatedly failed to submit accurate contribution reports and the required payments thereon to the Funds pursuant to the terms of the Collective Bargaining Agreement by which it was bound, all in violation of its contractual obligations and its obligations under applicable federal statutes.

11. As a result of the above-described omissions and breaches of agreement by Defendant, Plaintiffs may be required to (a) deny the employee beneficiaries for whom contributions have not been made the benefits provided under the Trust Agreements, thereby causing to such employee beneficiaries substantial and irreparable damage, or (b) to provide to employees of Defendant the benefits provided under the Trust Agreements, notwithstanding Defendant's failure to make the required contributions thereto, thereby reducing the corpus of such Funds and endangering the rights of the employee beneficiaries thereunder on whose behalf contributions are being made, all to their substantial and irreparable injury.

12. Plaintiffs, in their behalf, and on behalf of all employees for whose benefit the Funds were established, have requested Defendant to perform its obligations, but Defendant has refused and failed to perform as herein alleged.

13. Plaintiffs are without an adequate remedy at law and will suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreements, and is restrained from continuing to refuse to perform as thereunder required.

14. Defendant is delinquent to the Funds for the months of September, 2018 and November and December, 2019 and January, 2020, in the amount of $339,223.74 which amount includes interest and liquidated damages.

15. Defendant's failure to pay is a violation of the Collective Bargaining Agreement and the Trust Agreements. Plaintiffs, therefore, seek enforcement of these provisions pursuant to Section 502(a)(3)(b)(ii) and Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C., Sec. 185(a).

WHEREFORE Plaintiffs pray:

(a) That judgment enter in favor of Plaintiffs and against Defendant in the amount of THREE HUNDRED THIRTY-NINE THOUSAND TWO HUNDRED TWENTY-THREE AND 74/100 DOLLARS ($339,223.74) and such additional monies that accrue during the pendency of this lawsuit.

(b) That Plaintiffs be awarded their costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(c) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(d) That Defendant be specifically ordered to furnish to Plaintiffs the required monthly contribution reports and payments due thereunder and to continue to perform all obligations on Defendant's parts according the terms and conditions of its Collective Bargaining Agreement.

(e) For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard - Suite 720
Chicago, Illinois 60606
(312) 263-1500 - Fax: (312) 263-1520
rbg@ulaw.com
IL ARDC#: 01047558

/s/ Matthew S. Jarka
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard - Suite 720
Chicago, Illinois 60606
(312) 263-1500 - Fax: (312) 263-1520
msj@ulaw.com
IL ARDC#: 6322603


/s/ Sam Hensel
Asher, Gittler & D'Alba, Ltd.
200 W. Jackson Boulevard - Suite 720
Chicago, Illinois 60606
(312) 263-1500 – Fax (312) 263-1520
sh@ulaw.com
IL ARDC#: 6332797